UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARD FARMER,

                        Plaintiff,                                           **MEMORANDUM AND**
                                                                 **ORDER**

          -against-                                               16-CV-5178 (CBA)

WOODSIDE OPTICAL CORP. et al.,

                        Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       By letter-motion dated June 8, 2017, plaintiff Richard Farmer ("plaintiff") seeks discovery sanctions and an order compelling the production of documents from defendant Woodside Optical Corp. ("Woodside") that he contends were directed to be produced during a conference with the Court on June 5, 2017. See Third Motion for Discovery (June 8, 2017) ("Mot. to Compel") at 1-2, Electronic Case Filing Docket Entry ("DE") #29. In addition, plaintiff moves to compel the production of documents from defendant Echo Drugs Inc. ("Echo"). See id. at 2-3. Finally, plaintiff seeks a 45-day extension of the discovery deadline in order to take non-party discovery. See id. at 3. Defendants oppose plaintiff's motion to compel and to extend discovery. See Response in Opposition (June 9, 2017) ("Def. Opp."), DE #30.[1] For the reasons that follow, plaintiff's motion is denied in large part.

---

[1] Defendants also cross-moved to compel plaintiff to appear for his previously scheduled deposition on June 12, 2017. See Def. Opp. at 1, 3. After hearing from the parties on this issue, see Minute Entry (docketed June 12, 2017), DE #31, the Court directed plaintiff to appear as scheduled for his deposition. See Electronic Order (June 9, 2017).

**DISCUSSION**

Plaintiff's earlier motion to compel sought documents relevant to whether Woodside's revenues meet the jurisdictional threshold of the Fair Labor Standards Act ("FLSA") for enterprise liability, which requires an employer to have gross annual revenues of $500,000. See Motion for Discovery (May 26, 2017) ("5/26/17 Mot."), DE #26. After hearing extensive argument from the parties, the Court granted in part and denied in part plaintiff's motion to compel. See Minute Entry and Order (June 1, 2017) ("6/1/17 Order"), DE #28. Plaintiff now complains that Woodside violated the Court's June 1, 2017 Order by, among other things, failing to produce scanned patient invoice receipts for the period from 2013 through 2016. See Mot. to Compel at 1.

Contrary to plaintiff's assumption, Woodside was not ordered to produce such patient invoice receipts, but rather was expected to produce summary reports of sales information, which, in contrast to the receipts, would not contain confidential patient information protected under the Health Insurance Portability and Accountability Act of 1996. In fact, during the June 1st telephone conference, the Court discussed with the parties that such receipts would be burdensome to produce since they would require Woodside to redact patient-identifying information. Therefore, defendants' failure to produce patient invoice receipts did not violate the June 1, 2017 Order.

Nevertheless, in issuing its prior ruling, the Court assumed that Woodside would be disclosing information from its Compulink database for the entire period covered by the Court's Order (2013-2016); the Court was unaware that the summary reports for November 2015 through March 2016 are missing. See Mot. to Compel at 1. In these circumstances, the

Court orders Woodside to produce, by June 15, 2017, patient invoice receipts and daily sales logs for that limited time period, to the extent such documents exist either in hard copy or electronic format.

Plaintiff's pending motion also complains of Woodside's failure to produce IRS 1099 forms reflecting payments to Woodside from insurance companies. See Mot. to Compel at 1-2. In response, Woodside represents that it has produced all such forms in Woodside's "possession, custody or control." See Def. Opp. at 2-3. Obviously, Woodside cannot produce what it does not have. However, counsel for Woodside must confirm in writing, by June 14, 2017, that Woodside has produced all responsive IRS 1099 forms in the possession of its accountant.

Plaintiff further argues that Woodside was required to produce bank deposit receipts for 2013, 2015 and 2016. See Mot. to Compel at 2. However, the argument section in plaintiff's earlier motion to compel asked for an order directing defendants "to produce their complete bank statements for 2013-2016 without redaction," 5/26/17 Mot. at 3,[2] and the Court granted that request as to Woodside, see 6/1/17 Order at 1, but did not order the production of bank deposit slips. The Court declines to do so now, as plaintiff has not articulated what relevant information the bank deposit slips will add to the information disclosed on the bank

---

[2] To be sure, a heading in plaintiff's earlier motion to compel referenced, *inter alia*, "bank account statements, bank deposit slips and periodic summaries of gross sales for 2013 through 2016." 5/26/17 Mot. at 3. The argument section, however, addressed only bank statements, not deposit tickets, see id., and no mention of bank deposit tickets was made during the June 1st proceeding.

statements.[3]

For the first time, plaintiff also raises purported deficiencies in Echo's document production. See Mot. to Compel at 2-3. Noting that plaintiff's prior motion failed to complain of inadequacies in Echo's document production, defendants summarily reject plaintiff's latest challenge as "untimely and improper." Def. Opp. at 3.[4] Although plaintiff's pending motion was filed within the extended discovery period, plaintiff's challenges to Echo's disclosures could and should have been raised much earlier, rather than on the eve of the close of discovery.

Plaintiff's contention that Woodside and Echo "were essentially the same employer of [p]laintiff," see Mot. to Compel at 3, does not relate to an issue newly injected into this litigation. Indeed, at the initial conference held on February 2, 2017, the Court questioned plaintiff's counsel regarding the rationale for characterizing an optical business (where plaintiff worked) and a drugstore as a single employer. Nevertheless, when faced with objections by both corporate defendants to plaintiff's document demands, plaintiff sought to pursue additional disclosures only from Woodside. It was not until last week that plaintiff voiced any challenge

---

[3] Moreover, Woodside claims to have produced those bank deposit receipts (from 2014) that "it has in its possession." See Def. Opp., Ex. D, DE #30-4.

[4] Although plaintiff's previous motion to compel occasionally cited the need for additional disclosures by "[d]efendants," see 5/26/17 Mot. at 3 (referencing "[d]efendants' bank statement production"), plaintiff attached to the motion only Woodside's [not Echo's] Responses and Objections to Plaintiff's First Set of Document Requests, see 5/26/17 Mot., Ex. B, DE #26-2, and the arguments advanced by plaintiff in that motion focused on inadequacies in Woodside's production, see generally id. To the extent that plaintiff sought to compel additional records from Echo, this Court denied that aspect of the motion. See 6/1/17 Order at 1 (ordering disclosures of additional "materials pertaining to Woodside").

4

to objections served by Echo on *February 13, 2017*, see Def. Opp., Exh. C at 30, DE #30-3: In a letter dated June 6, 2017, plaintiff's counsel asserted, without elaboration, that "Defendant Echo Drugs has not produced the documents which were sought in document requests No. 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 32, 33, 34, 40, 50, 57, 58, 63, 64, 74, 76, 77, 78, 81, 83 of Plaintiff's First Set of Interrogatories and Document Requests January 11, 2017." Def. Opp., Exh. C at 3, DE #30-3. Plaintiff has not satisfied his obligation to meet and confer regarding discovery disputes, see Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590 (DAB)(JCF), 1998 WL 67672, at *2-*4 (S.D.N.Y. Feb. 18, 1998) ("movant must detail the efforts to confer and explain why they proved fruitless"), and it is now too late to cure this omission.

Finally, plaintiff seeks a 45-day extension of the discovery period for the purpose of seeking non-party discovery. This Court has already granted the parties two extensions to complete discovery. See Minute Entry (Apr. 27, 2017), DE #21; Minute Entry and Order (May 25, 2017), DE #25. Plaintiff has not shown good cause to justify a third extension, for 45 days. Good cause depends on the diligence of the moving party. See Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). Where a party has had a sufficient opportunity to pursue the requested discovery prior to the deadline, the discovery period should not be extended. See Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) ("trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery"). Plaintiff has failed to demonstrate the diligence required to warrant a 45-day extension to conduct non-party discovery.

The Court will, however, grant one final extension, but only until June 23, 2017. The deadline for the parties to file their joint proposed summary judgment briefing schedule is extended to June 30, 2017.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel is denied in large part.

**SO ORDERED.**

**Dated: Brooklyn, New York**
       **June 12, 2017**

　　　　　　　　　　　　　　　　 /s/ *Roanne L. Mann*
　　　　　　　　　　　　　　**ROANNE L. MANN**
　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**