FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD FARMER,

    Plaintiff,

-against-

WOODSIDE OPTICAL CORP., d/b/a
Woodside Optical; ECHO DRUGS INC.,
d/b/a Echo Drugs Specialty Pharmacy, d/b/a
Echo Drugs Store; LEV RIVKIN; ROMAN
KULBERG; and INNA REVUTSKY-
KULBERG,

    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-5178 (CBA)(RLM)

**AMON, United States District Judge:**

Plaintiff Richard Farmer brings this action against Defendants Woodside Optical Corp. ("Woodside"), Echo Drugs Inc. ("Echo"), Lev Rivkin ("Rivkin"), Roman Kulberg ("Kulberg"), and Inna Revutsky-Kulberg (with Rivkin and Kulberg, the "Individual Defendants"), pursuant to the Federal Labor Standards Act, 29 U.S.C. § 201 et seq.; New York Labor Law, N.Y. Lab. Law § 650 et seq.; related state regulations, see N.Y. Comp. Codes R. & Regs. tit. 12, § 142 et seq.; and New York tort law. Plaintiff contends, among other things, that Defendants deprived him of overtime pay, commission pay, wages, severance pay, a work break for meals, and certain wage records and statements. (See D.E. # 1.) Plaintiff contends that he worked for Defendants from February to July 2016. (Id. ¶ 25.) According to him, Defendants demoted and later discharged him for making complaints about his pay, and they unjustly have kept his personal property, including three computers. (See id. ¶¶ 23–47, 101–04.)

Plaintiff has appealed to this Court two discovery rulings by the Honorable Roanne L. Mann, Chief United States Magistrate Judge, in June 2017. For the following reasons, the Court

1

dismisses the appeal in part as moot and otherwise finds that Chief Magistrate Judge Mann's carefully reasoned rulings were neither clearly erroneous nor contrary to law.

## BACKGROUND

Discovery for the case occurred from December 2016 to July 2017. Relevant here, Plaintiff seeks documents primarily to prove that Woodside, during the events alleged in the Complaint, made $500,000 or more in gross annual sales—a jurisdictional requirement for Plaintiff's FLSA claim against the corporate "enterprise," see 29 U.S.C. § 203(s)(1)(A); Alladin v. Paramount Mgmt., LLC, No. 12-CV-4309 (JMF), 2013 WL 4526002, at *3, *5 (S.D.N.Y. Aug. 27, 2013)—and that Woodside and Echo were essentially the same employer. Plaintiff made two separate requests for these documents, one on January 11, 2017, seeking records from all Defendants, (see D.E. # 26-1), and another on May 18, 2017, seeking records primarily from Woodside, (see D.E. # 26-4).

On May 26, 2017, Plaintiff filed a letter motion to compel documents in the two requests. (D.E. # 26.) Plaintiff sought all documents in the second request, as well as certain documents in the first request from Woodside and the Individual Defendants. (See id. at 1–3.) Plaintiff did not specifically request production of documents from Echo.

In an oral ruling on June 1, 2017, Chief Magistrate Judge Mann granted in part and denied in part Plaintiff's motion. (D.E. # 28.) Although she compelled production of certain documents that were related to Woodside and mentioned in the first request, she refused to compel production of documents in the second request. (Id. at 1–2.) She noted that the second request, which included 258 demands, was both "untimely and unduly burdensome." (Id. at 2.) She also refused to compel production of other documents, such as patient invoice receipts, because it would be too burdensome. (See D.E. # 32 at 2.)

2

On June 8, 2017, eight days before fact discovery was then scheduled to end, Plaintiff filed another letter motion to compel documents. (D.E. # 29.) Plaintiff alleged that Defendants failed to comply with Chief Magistrate Judge Mann's June 1, 2017, ruling with respect to producing Woodside's documents. (Id. at 1–2.) He also sought additional sales records from Woodside. (Id. at 1.) Moreover, Plaintiff asked for an order that Echo produce documents from his January 11, 2017, request. (Id. at 2–3.) Finally, he sought to extend discovery by 45 days. (Id. at 3.)

On June 12, Chief Magistrate Judge Mann granted in part and denied in part Plaintiff's June 8, 2017, motion. (D.E. # 32.) With respect to documents from Woodside, she ordered production of some invoice receipts and sales logs but denied Plaintiff's request as to other records. (See id. at 2–3.) As for Echo, Chief Magistrate Judge Mann refused to compel the documents, because Plaintiff "could and should have . . . raised" the discovery issues earlier, "rather than on the eve of the close of discovery." (Id. at 4.) Finally, she extended discovery by one week, to June 23, 2017, because Plaintiff failed to show good cause warranting a longer extension.[1] (Id. at 5–6.)

Three days later, Plaintiff filed an appeal to Chief Magistrate Judge Mann's June 1, 2017, and June 12, 2017, rulings. (D.E. # 33.) Defendants filed an opposition brief on July 10, 2017. (D.E. # 44.)

## LEGAL STANDARD

The Court may set aside Chief Magistrate Judge Mann's rulings only if they are "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). The Court affords substantial deference to the magistrate judge's decisions. See Feliciano v. Cty. of Suffolk, No. 04-CV-5321 (JS), 2009 WL 290469, at *1 (E.D.N.Y. Feb. 4, 2009). "A party seeking to overturn a

---

[1] Chief Magistrate Judge Mann would later extend discovery once more, to July 13, 2017. (D.E. # 45.)

3

discovery order . . . bears a heavy burden." Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007).

There are two prongs to the analysis. First, the "clearly erroneous" prong applies to the magistrate judge's factual findings. See Peterson v. Katonah Lewisboro Sch. Dist., No. 13-CV-51 (VB), 2014 WL 3891253, at *1 (S.D.N.Y. June 27, 2014). Such factual decisions must be affirmed "unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). And the Court must "confine[] its analysis to the factual record before" the magistrate judge, because Rule 72(a) of the Federal Rules of Civil Procedure "precludes the district court from considering factual evidence that was not presented to the magistrate judge" at the time. Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013).

With respect to the "contrary to law" prong, the party bearing the burden of proof must identify precedents prohibiting the magistrate judge from exercising her discretion or making a particular legal finding. See, e.g., Peterson, 2014 WL 3891253, at *2. Failure to identify such authority is "fatal" to a party's "contrary to law" objection. See Pall, 655 F. Supp. 2d at 174.

## DISCUSSION

As stated above, the Court notes that Plaintiff seeks documents to help him establish the $500,000 FLSA jurisdictional requirement for Woodside. (See D.E. # 33 ¶ 1.) The record now reflects that Woodside stipulates to the $500,000 amount for 2016, the calendar year when Plaintiff worked for it. (See D.E. # 44 ¶ 8); see also Falk v. Brennan, 414 U.S. 190, 197 & n.10, 200–01 & n.13 (1973) (analyzing gross volume by calendar year). No more is necessary to prove the

jurisdictional requirement for Woodside, and the Court therefore dismisses as moot Plaintiff's appeal with respect to Woodside.

Plaintiff's remaining objections relate to Chief Magistrate Judge Mann's rulings on June 12, 2017, that Echo need not produce documents in the first request, and that she would extend discovery by a week, not 45 days. (See D.E. # 33 ¶¶ 46–67.) Defendants contend, among other things, that Plaintiff had not raised discovery issues about Echo until a couple of days before Plaintiff filed his motion to compel, and that the appeal of the extension hearing should be rejected. (D.E. # 44-10 at 8–10.)

The Court first notes that Plaintiff's brief fails to point to any controlling authority showing that Chief Magistrate Judge Mann erred in her legal determinations. See Pall, 655 F. Supp. 2d at 174. Extension decisions are determinations predicated on a legal finding of good cause. See, e.g., Dumann Realty, LLC v. Faust, No. 09-CV-7651 (VM), 2011 WL 2749523, at *2 (S.D.N.Y. July 8, 2011). Because he does not point to any controlling authority to the contrary, Plaintiff fails to show that Chief Magistrate Judge Mann's finding of no good cause is "contrary to law" under Section 363(b)(1)(A).

Chief Magistrate Judge Mann's ruling about Echo's documents is based on factual determinations, which this Court reviews for clear error. The Court is unpersuaded by Plaintiff's factual arguments. According to Plaintiff, Chief Magistrate Judge Mann erroneously found that Woodside and Echo were separate businesses and that Plaintiff could have requested compulsion of Echo's documents "much earlier." (See D.E. # 44 at 53–66; see also D.E. # 32 at 4–5.) But she never found that Woodside and Echo were separate entities; such a factual determination was not necessary to her ruling. Rather, she found that Plaintiff had been aware since February that Echo was going to withhold certain documents, and that Plaintiff nonetheless sought to compel

production of records from Woodside, not Echo, for the rest of the discovery period. (See D.E. # 32 at 4.) In his appeal, Plaintiff provides no evidence to contrary, instead citing to the "interest[s] of justice" and asserting, without factual support, that Defendants are trying to hide evidence. (See D.E. # 33 ¶¶ 60–63.) Upon careful review of the record described above, the Court finds that Chief Magistrate Judge Mann's factual determinations about Plaintiff's dilatory discovery strategy were not clearly erroneous. Accordingly, all of Plaintiff's objections either are moot or lack merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for reversal of Chief Magistrate Judge Mann's decisions is DENIED as MOOT in part and DENIED in part.

SO ORDERED.

Dated: August 16, 2017
Brooklyn, NY

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge